STANLEY M. ROSENTHAL *vs.* HYMAN NEWMAN.

Hampden.    October 4, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Evidence,* Relevancy and materiality.    *Practice, Civil,* Exceptions.

An exception, saved by the defendant at the trial of an action of tort for damages resulting from an alleged unlawful foreclosure of a mortgage on merchandise and fixtures in the plaintiff's store, to the exclusion of a question asked of the plaintiff, whether he did not keep his store closed for a

period of possibly eleven days in the month of January, the question being asked to establish a breach of a covenant in the mortgage against waste and it appearing that a part of the merchandise was perishable, must be overruled where the record discloses no evidence that any of the mortgaged property deteriorated.

Tort for damages resulting from the alleged wrongful foreclosure of a mortgage upon merchandise and fixtures in the store of the plaintiff. Writ dated January 29, 1920.

In the Superior Court, the action was tried before *Whiting*, J. The only exception saved at the trial is described in the opinion. The jury found for the plaintiff in the sum of $2,500, which, by agreement of the parties, was reduced to $988.25. The defendant alleged exceptions.

The case was submitted on briefs.

*H. M. Ehrlich,* for the defendant.

*R. J. Talbot,* for the plaintiff.

By the Court. This is an action of tort founded on an alleged wrongful foreclosure of a mortgage held by the defendant on merchandise and fixtures in the plaintiff's market. No payment either of principal or interest on the debt secured by the mortgage was due when notice of the foreclosure was served. There was no evidence of breach of condition by reason of the insurance clause of the mortgage. One of the breaches of the covenants of the mortgage, according to the contention of the defendant at the trial, was that the mortgagor should not waste said goods or chattels. The only exception is to the exclusion of a question to the plaintiff whether he did not keep his store closed for a period of possibly eleven days in the month of January, the defendant urging its competency on the ground that keeping the store closed for that time was waste. It could have been found that a part of the merchandise was perishable, but there was no evidence that any of the mortgaged property deteriorated. It is too clear for discussion that, on this meagre record, there was no error of law in excluding the question.

*Exceptions overruled.*